**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

LAJAYVIOUS KEUNTA LAMAR
KIMBROUGH,

               Petitioner,

v.

TRENTON LOWTHER,

               Respondent.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 4:26-cv-720-CDL-ALS

## ORDER

Pending before the Court is a pleading filed by Petitioner Lajayvious Keunta Lamar Kimbrough, a prisoner at Muscogee County Jail in Columbus, Georgia, that has been docketed as a *pro se* petition for federal habeas corpus relief. (ECF No. 1). Petitioner also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). For the following reasons, Petitioner must recast his Petition on the Court's standard form and pay an initial partial filing fee if he wishes to proceed with this action.

## ORDER TO RECAST

Petitioner's claims arise from his treatment as a pretrial detainee at Muscogee County Jail. (ECF No. 1, at 5). Petitioner filed his pleading on the Court's standard form for seeking habeas relief pursuant to 28 U.S.C. § 2254. *Id.* He alleges that another inmate, Respondent Lowther, accused him of "inapprop[riate] touch[ing]" and threatened to "file [a] PREA on [Petitioner] while in suicide." *Id.* He also suggests that Respondent discriminated against him because "[Respondent] does not like homosexuals." *Id.* In his request for relief, Petitioner requests that Respondent "be charged with falsifying statements and hate criminal [sic]." *Id.* at 15.

The two most common types of cases filed by prisoners in this Court are federal habeas corpus petitions and claims arising under 42 U.S.C. § 1983. As a general rule, "any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to Conditions of confinement may proceed under [42 U.S.C. §] 1983 without any requirement of exhaustion of state judicial remedies." *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979).[1] In other words, "[f]ederal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982)). A prisoner cannot obtain the dismissal of pending charges or speedier release through a § 1983 action, and he cannot seek monetary compensation in a federal habeas corpus action. *Preiser*, 411 U.S. at 487-489.

If Petitioner were challenging a state court conviction and ultimately sought his release, then it would be appropriate for him to use the Court's standard § 2254 form petition. But, it appears that Petitioner is instead alleging that his constitutional rights were violated at Muscogee County Jail. Thus, his claims appear more likely to be properly raised under 42 U.S.C. § 1983. Petitioner is advised, however, that his current allegations do not state a claim for relief under § 1983. To state a claim for relief under § 1983, a Petitioner must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Respondent Lowther is another inmate and is not a state actor for purposes of § 1983. *See, e.g.*, *Wright v. Chambliss*, No. CV423-238, 2023 WL 6626141, at *1 (S.D. Ga. Oct. 11, 2023) (finding that "other prisoners are not proper defendants in a 42 U.S.C. § 1983 case" because they "are, quite obviously, not acting under color of law"). In addition, the only relief Petitioner seeks is to have Respondent charged with crimes. (ECF No. 1, at 15). The United States District Courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Petitioner, a private citizen, likewise has no power to originate criminal pleadings on his own initiative. *Id.* This relief is therefore unavailable in a § 1983 case.

If Petitioner still wishes to pursue a § 1983 case, he must recast his Petition on one of the Court's standard § 1983 forms. The recast complaint must contain a caption that clearly identifies, by name, each individual that Petitioner has a claim against and wishes to include as a Defendant in the present lawsuit. Petitioner is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Petitioner must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Petitioner list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)    *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief do you seek from this defendant?

Petitioner should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Petitioner's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Petitioner fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Petitioner makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Petitioner is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Petitioner can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Petitioner is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Petition in this case. (ECF No. 1). Petitioner may include additional pages**

**with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Petitioner has stated an actionable claim.** Accordingly, any fact Petitioner deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Petitioner has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Petitioner. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

<strong>MOTION TO PROCEED IFP</strong>

Petitioner also seeks leave to proceed without prepayment of the filing fee in this case. A review of Plaintiff's motions to proceed IFP demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Accordingly, Plaintiff's motion (ECF No. 2) is **GRANTED**. Even if a prisoner is allowed to proceed IFP, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Petitioner's prison trust fund account statement shows he had average monthly deposits of $27.86 in the six (6) months prior to the filing of his Complaint. (ECF No. 2-1, at 1). Twenty percent (20%) of $27.86 is $5.57. Petitioner is therefore

5

**ORDERED** to pay an initial partial filing fee of $5.57 if he decides to proceed with this case under § 1983.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to pay the initial partial filing fee. If circumstances have changed and Petitioner cannot pay the amount ordered, Petitioner should file a renewed motion for leave to proceed IFP, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances, within **FOURTEEN (14) DAYS** of the date of this Order.

### CONCLUSION

In conclusion, Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) submit a recast complaint on the Court's standard form and (2) pay an initial partial filing fee of $5.57 or submit a renewed motion for leave to proceed IFP showing his present inability to pay that amount. While this action is pending, Petitioner must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's pleadings.** There will be no service of process in this case until further order.

**SO ORDERED**, this 11th day of June, 2026.

s/ ALFREDA L. SHEPPARD
UNITED STATES MAGISTRATE JUDGE